**Mohammad Najdat SAKKA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71930.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 28, 2008.

J. Jack Artz, Esq., Law Office of J. Jack Artz, Norwalk, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, James R. Sullivan, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN and PAEZ, Circuit Judges.

MEMORANDUM **

Mohammad Najdat Sakka, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of asylum and withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Sakka failed to file his asylum application within one year of his arrival to the United States. *See Ramadan v. Gonzales,* 479 F.3d 646, 648 (9th Cir.2007) (per curiam).

We also lack jurisdiction to review Sakka's ineffective assistance of counsel claim because he failed to raise it before the BIA and thereby failed to exhaust his administrative remedies. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

Substantial evidence supports the agency's determination that Sakka failed to establish he was persecuted or fears persecution on account of a protected ground where he failed to show the problems he had with a Syrian general were other than personal in nature. *See Kozulin v. INS,* 218 F.3d 1112, 1116–17 (9th Cir.2000).

Substantial evidence supports the BIA's conclusion that Sakka was ineligible for

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

CAT relief. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001) (recognizing that it is petitioner's burden "to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**